| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-02817-CAS (SSx) | Date | June 18, 2018 |
| Title | GERTRUDE FOX v. SA CHALLENGER, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: | |
| Michael Dempsey | | Patrick Reider | |

**Proceedings:** DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY'S MOTION TO DISMISS (Dkt. 42, filed January 4, 2018)

## I. INTRODUCTION

On January 20, 2017, plaintiff Gertrude Fox, appearing *pro se*, filed this wrongful foreclosure action against defendant SA Challenger, Inc. ("SA Challenger") and Does 1–100 in Los Angeles County Superior Court. Dkt. 1-1, Ex. A ("Compl."). On April 13, 2017, defendant removed the action based on diversity jurisdiction and promptly filed a motion to dismiss. Dkts. 1, 10.

Pursuant to the parties' stipulation, plaintiff filed an amended complaint on May 10, 2017 and SA Challenger subsequently answered. Dkts. 17, 18. Plaintiff retained counsel on July 10, 2017. Dkt. 23. On August 7, 2017, plaintiff filed the operative second amended complaint, which added First American Title Insurance Company ("First American") as a defendant. Dkt. 26 ("SAC").[1]

On January 4, 2018, First American filed the instant motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 42 ("Mot."). On April 23, 2018, plaintiff filed an opposition. Dkt. 53 ("Opp'n"). First American filed a reply on

---

[1] SA Challenger was served with summons and the complaint on March 15, 2017, see dkt. 1-1, Ex. A, and thus removal was timely pursuant to 28 U.S.C. § 1446(b)(1). The Court has subject matter jurisdiction: there is complete diversity between the parties; and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a); SAC ¶¶ 2–4, 27.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-02817-CAS (SSx) | Date | June 18, 2018 |
| Title | GERTRUDE FOX v. SA CHALLENGER, INC., ET AL. | | |

April 30, 2018. Dkt. 55 ("Reply"). The Court held a hearing on June 18, 2018. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

**II.    BACKGROUND**

The SAC alleges the following facts.

On August 1, 2002, Gertrude and Gerson Fox acquired an eight-unit apartment building located at 435 S. Palm Drive in Beverly Hills, California (the "Property"). SAC ¶ 5. According to the deed, the Property was conveyed to the Foxes to be held as community property; however, title should have been delivered solely in Gertrude's name because the Property was acquired with the proceeds of her inheritance and therefore constituted her separate property. Id. ¶ 8; see Compl., Ex. A.

On March 3, 2005, a "forged deed" was recorded transferring title to the Property from the Foxes to G&G–BH Properties, LLC ("G&G"). Although a copy of the notarized deed transferring title to G&G was attached the original complaint, Gertrude alleges that she never signed or ratified the deed and that her signature on the document is a forgery. Id. ¶ 13.

On January 25, 2008, a guaranty was executed in favor of California National Bank by Gerson Fox as trustee of the Gerson and Gertrude Fox Family Trust and sole member of G&G. Id. ¶ 14. On January 31, 2008, Gerson executed a corresponding deed of trust encumbering the Property. Id. ¶ 16. California National Bank is the predecessor-in-interest to U.S. Bank and its assignee, SA Challenger. Id. ¶ 19.

On February 13, 2014, SA Challenger filed an action in the Los Angeles County Superior Court against G&G seeking judicial foreclosure of the Property, the appointment of a receiver, and damages for breach of guaranty. Id. ¶ 14. On March 18, 2014, the court appointed a receiver. Id. ¶ 19. The Property was foreclosed upon on January 21, 2015, with First American conducting the foreclosure sale as trustee under the deed of trust. Id. ¶¶ 20–21.

The SAC alleges that SA Challenger's predecessor-in-interest had actual or constructive knowledge that a forged grant deed wrongfully conveyed the Property to G&G. Id. ¶ 23. The SAC further alleges that "SA Challenger and First American acted without legal authority or standing to conduct a foreclosure sale." Id. ¶ 26.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-02817-CAS (SSx) | Date | June 18, 2018 |
| Title | GERTRUDE FOX v. SA CHALLENGER, INC., ET AL. | | |

## III. LEGAL STANDARDS

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

## IV. DISCUSSION

First American contends that the SAC fails to state a claim for wrongful foreclosure because its actions as trustee in the nonjudicial foreclosure sale were privileged and subject to immunity under Cal. Civ. Code §§ 47, 2924(b) & (d). Mot. at 2–3.

Nonjudicial foreclosure sales "are governed by a comprehensive statutory scheme," Cal. Civ. Code § 2924 et seq., which "evidences a legislative intent that a sale

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:17-cv-02817-CAS (SSx) | Date | June 18, 2018 |
| Title | GERTRUDE FOX v. SA CHALLENGER, INC., ET AL. | | |

which is properly conducted constitutes a final adjudication of the rights of the borrower and lender." Royal Thrift & Loan Co. v. Cty. Escrow, Inc., 123 Cal. App. 4th 24, 32 (2004) (quotations omitted). Civil Code section 2924(d) provides that the "mailing, publication, and delivery" of foreclosure notices and "performance" of foreclosure procedures constitute "privileged communications" pursuant to Civil Code section 47. This qualified privilege applies to communications made "without malice, to a person interested therein, . . . by one who is also interested." Cal. Civ. Code § 47(c)(1). In addition, section 2924(d) provides that "[i]n performing acts required by this article, the trustee shall incur no liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and the amount of the default under the secured obligation, deed of trust, or mortgage." Cal. Civ. Code § 2924(d). Accordingly, in the absence of allegations of a trustee's "malice or other significant wrongdoing," section 2924(d) immunity bars purported claims against the trustee. Flores v. EMC Mortg. Co., 997 F. Supp. 2d 1088, 1127 (E.D. Cal. 2014).

First American argues that it is immune from liability for wrongful foreclosure under the foregoing provisions because the SAC does not allege that it "did anything other than carry out its statutory duties as trustee" and there are no allegations that it "knew anything about the alleged fraud." Mot. at 3. In opposition, plaintiff appears to concede that the SAC lacks factual allegations supporting a claim for wrongful foreclosure against First American. Plaintiff nevertheless argues that First American is not entitled to immunity because it "did not act in good faith" in that it "failed to conduct even a cursory check of the bona fides of the grant deed" or "whether Gertrude Fox knowingly and voluntarily agreed" to use the Property as partial security for the guarantee of the underlying debt. Opp'n at 4. Plaintiff contends that First American "is charged with failing to act in good faith . . . when it conducted the foreclosure sale under suspicious circumstances." Id. at 5.

In the absence of any allegation of "malice or other significant wrongdoing," the Court agrees that First American is entitled to statutory immunity. See Flores, 997 F. Supp. 2d at 1127. Plaintiff effectively argues that "suspicious circumstances" surrounding this transaction required First American to make an independent inquiry regarding the validity of the underlying debt. However, plaintiff cites no authority for the proposition that First American had a duty to make such inquiries. To the contrary, it is well established that a trustee in nonjudicial foreclosure sale "is not a true trustee, and owes no fiduciary obligations; [it] merely acts as a common agent for the trustor and beneficiary of the deed of trust." Vournas v. Fid. Nat. Title Ins. Co., 73 Cal. App. 4th 668, 677 (1999). "[T]here is no authority for the proposition that a trustee under a deed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-02817-CAS (SSx) | Date | June 18, 2018 |
| Title | GERTRUDE FOX v. SA CHALLENGER, INC., ET AL. | | |

of trust owes any duties with respect to exercise of the power of sale beyond those specified in the deed and the statutes." I.E. Associates v. Safeco Title Ins. Co., 39 Cal.3d 281, 287–88 (1985).

First American requests that the Court dismiss plaintiff's claim with prejudice. Reply at 3. As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). This policy is applied with "extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990); Moss, 572 F.3d at 972. However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv–Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see also Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). Although the operative pleading is plaintiff's second amended complaint, she has not yet been afforded an opportunity to cure the deficiencies identified herein. Accordingly, because plaintiff could allege facts consistent with her prior pleadings that state a claim for relief against First American, dismissal shall be without prejudice.

## V.     CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendant First American's motion to dismiss. Plaintiff's wrongful foreclosure claim against First American is **DISMISSED without prejudice**. Plaintiff shall have twenty-one (21) days from the date of this order to file an amended complaint addressing the deficiencies identified herein. Failure to do so may result in dismissal with prejudice.

IT IS SO ORDERED.

| | 00 | : | 01 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |